**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
RAMON ANTONIO GARCIA BENCOSME,

                *Plaintiff*,

-against-

PARK MANAGEMENT INC, RIVERSTONE HOUSING ASSOCIATES LLC, ATLANTIC MANAGEMENT NY INC. and JOEL GLUCK,

                *Defendants.*
-------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**
**JURY TRIAL DEMANDED**

Ramon Antonio Garcia Bencosme ("Plaintiff") by and through his/her attorneys, Law Offices of Colin Mulholland and Naydenskiy Law Firm, LLC, upon his/her knowledge and belief, and as against PARK MANAGEMENT INC, RIVERSTONE HOUSING ASSOCIATES LLC, and JOEL GLUCK (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff is an employee of Defendants at 720 Mother Gaston Blvd, Brooklyn, NY, 11212.

2. Defendants own(ed), operate(d), and/or control(ed) a commercial residential building located at 720 Mother Gaston Blvd Brooklyn, NY 11212.

3. Plaintiff was employed as a handyman and also assigned gardening and garbage area from approximately January 2018 through approximately February 2025.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours he worked each week over 40 hours.

1

5.    Further, Defendants failed to provide Plaintiff with the proper wage notices and statements under the New York Labor Laws.

6.    Plaintiff now brings this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.    Plaintiff Ramon Antonio Garcia Bencosme ("Plaintiff") was employed by Defendants at building owned and operated by Defendants from approximately January 2018 through approximately February 6, 2025.

10.   Plaintiff consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b).

11.   Park Management Inc is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 199 Lee Avenue Suite 309, Brooklyn, NY 11211.

12. ATLANTIC MANAGEMENT NY INC is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 522 LEFFERTS AVE, OFFICE C, BROOKLYN, NY, UNITED STATES, 11225

13. RIVERSTONE HOUSING ASSOCIATES LLC is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 522 LEFFERTS AVE, SUITE C, BROOKLYN, NY, UNITED STATES, 11225.

14. Defendants JOEL GLUCK is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JOEL GLUCK is being sued individually in his/her capacity as owner, officer and/or agent of Defendant Park Management Inc ('Defendant Corporation').

15. Upon information and belief, Defendant JOEL GLUCK possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

16. Upon information and belief, Defendant JOEL GLUCK had the power to hire and fire Plaintiff and other employees of the Defendants.

17. Upon information and belief, Defendants JOEL GLUCK had the authority to set Plaintiff's schedules.

18. Defendants is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant is being sued individually in his/her capacity as owner, officer and/or agent of Defendant RIVERSTONE HOUSING ASSOCIATES LLC ('Defendant Corporation').

19. Upon information and belief, Defendant possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

19. Upon information and belief, Defendant had the power to hire and fire Plaintiff and other employees of the Defendants.

20. Upon information and belief, Defendants had the authority to set Plaintiff's schedules.

21. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

22. In the alternative, Defendants constitute a single employer of Plaintiff.

23. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

## NOTICE PURSUANT TO

## N.Y. Limited Liability Company Law § 609

24. Upon information and belief, Defendants, have/had a gross annual volume of revenue of not less than $500,000.

25. Plaintiff hereby demands of Joel Gluck, pursuant to Section 609 of the New York Limited Liability Company Law, you are hereby notified that Plaintiff intend(s) to charge you and hold you personally liable, jointly and severally, as one of the ten largest members of each Riverstone Housing Associates LLC for all debts, wages, and/or salaries, and other damages and/or penalties, due and owing to each of them as laborers, servants, and/or employees of the said entities for services performed by each of them for it within the six

(6) years preceding the date of this notice and has expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

**NOTICE PURSUANT TO**
**N.Y. BUSINESS CORPORATION LAW §§ 624 & 630**

26.     Plaintiff hereby demands, pursuant to N.Y. Business Corporation Law § 624(b), the opportunity to examine Defendants Park Management Inc and Atlantic Management NY Inc. books and record(s) containing the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof.

27.     Pursuant to N.Y. Business Corporation Law § 630, Plaintiff hereby gives notice to the ten largest shareholders of Defendants Park Management Inc. and Atlantic Management NY Inc. with the largest ownership interest, as determined as of the beginning of the period during which the unpaid services alleged in this action were performed, that Plaintiff intends to hold them liable jointly and severally and personally liable for all unpaid debts, wages and salaries owed to Plaintiff.

*Plaintiff Ramon Antonio Garcia Bencosme*

28.     Throughout his/her employment with defendants, Plaintiff was employed as a handyman, gardening and/or garbage area by the building owners for one of their buildings located at 720 Mother Gaston Blvd, Brooklyn, NY, 11212.

29.     Plaintiff's work was supervised and his/her duties required neither discretion nor independent judgment.

30.     Plaintiff regularly worked in excess of 40 hours per week.

31. From approximately January 2018 to February 2025, Plaintiff worked the following typical schedule:

    a. Monday: 7:00 AM to 4:00 PM

    b. Tuesday: 1:00 PM to 9:00 PM

    c. Wednesday: 7:00 AM to 4:00 PM

    d. Thursday: 7:00 AM to 4:00 PM

    e. Friday: 7 AM to 4 PM.

    f. Saturday: 7:00 A.M. to 11:00 A.M. (twice per month)

    g. Sunday: 1:00 P.M. to 9:00 P.M. (twice per month)

32. From approximately 2018 until on or about December 2023, Defendants paid Plaintiff $15.00 per hour without a premium for his overtime hours.

33. From approximately January 2024 until on or about present date, Defendants paid Plaintiff $16.00 per hour without a premium for his overtime hours.

33. Defendants regularly required Plaintiff to work past his clock out times.

34. Despite being a manual worker, Defendant has failed to properly pay Plaintiff his wages within seven calendar days after the end of the week in which these wages were earned.

35. No proper notification was given to Plaintiff regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

36. Defendants never provided Plaintiff with each payment of wages a proper statement of wages, as required by NYLL 195(3).

37. Defendants failed to provided Plaintiff all of the proper and complete notices in English and in Spanish (Plaintiff's primary language), of his/her rate of pay, employer's

6

regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

38. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

39. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

40. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

41. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

42. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

43. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

44. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

45. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

46. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

47. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

48. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

51. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

52. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

55. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage, including the NY Building Services Wage Order, to the extent applicable.

56. Defendants' failure to pay Plaintiff the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

57. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Defendants failed to provide Plaintiff with a written notice, in English and in Albanian (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

60. By failing to provide such notices, Plaintiff was damaged because his ability to vindicated his wage claims was compromised because he was denied a precise accounting of his hours worked and pay received and he would have complained sooner about his underpayments.

61. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

62. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

63. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

64. By failing to provide such notices, Plaintiff was damaged because his ability to vindicated his wage claims was compromised because he was denied a precise accounting of his hours worked and pay received and he would have complained sooner about his underpayments.

65. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY CALL-IN PAY

66. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

67. Defendants are each and together employers under the New York Labor Law Section 190.

68. At all relevant times, Plaintiff was employees of the Defendants.

69. Defendants willfully violated Plaintiff's rights under the Minimum Wage Order of the NYLL by failing to pay them for at least four (4) hours for the time worked at Defendants' request while any Plaintiff was on-call outside normally scheduled working hours.

70. As a result of Defendants' failure to pay call-in pay, Plaintiff suffered damages in an amount to be determine at trial and is entitled to recover such amount along with prejudgment and post judgment interest, attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

### (NYLL § 191 – Frequency of Payments)

71. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

72. Defendants are an employer that is subject to and must abide by the frequency of payments provision of the NYLL.

73. Defendants paid Plaintiff on a biweekly basis.

74. In the last four years, Plaintiff spent more than 25% of his working time performing work tasks of a physical nature.

75. Plaintiff was a "manual worker" within the meaning of NYLL § 191(1)(a)(i).

76. By paying Plaintiff on a biweekly basis, Defendants failed to pay Plaintiff his wages due "not later than seven calendar days after the end of the week in which the wages were earned." N.Y. Lab. L. § 191(1)(a).

77. Because Defendant failed to pay Plaintiff on a weekly basis, he were unable to invest the money that they earned until later each month, robbing them of the timely use of his money. This is particularly important here, where Plaintiff was paid below the applicable minimum wage rate.

78. As a result, Plaintiff is entitled to recover liquidated damages equal to the full amount of his wages paid later than seven days after the end of a workweek in each biweekly period within the six years prior to the filing of this Complaint

.**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendant's violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages, overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiffs;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendant's violations of the New York Labor Law were willful as to Plaintiff;

(j) Enjoining Defendants from future violations of the NYLL;

(k) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and wage statement provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: July 1, 2025

By: */s/ Colin Mulholland*

Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019

*/s/ Gennadiy Naydenskiy*

Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224

*Attorneys for Plaintiff*